UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANGELO CAPALBO,                                         :

                          Petitioner,                   :

                                                        :

            -v.-                                        :

                                                        :

UNITED STATES OF AMERICA,                               :

                                                        :

                          Respondent.                   :
------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   4/25/12
```

SUPPLEMENTAL REPORT
AND RECOMMENDATION

10 Civ. 2563 (LAP) (JLC)
02 Cr. 1237 (RJH)

(Non-ECF Case)

**JAMES L. COTT, United States Magistrate Judge.**

**To the Honorable Loretta A. Preska, Chief United States District Judge:**

On April 16, 2012, I issued a Report and Recommendation recommending that pro se

petitioner Angelo Capalbo's habeas petition pursuant to 28 U.S.C. § 2255 be denied. (Dkt. No.

31). Since the issuance of the Report and Recommendation, the Court has received a motion to

supplement the record from Capalbo with information he alleges was intentionally withheld from

him which establishes the Government made "material representations of fact to the Court" that

violate his due process rights. See Capalbo's undated Motion to Supplement the Record

("Motion to Supplement" or "Motion") (Dkt. No. 370, filed in 02 Cr. 1237 (RJH)). The Court

has also received an affirmation from William DiGilio dated April 4, 2012 that Capalbo has

requested be filed in further support of his habeas petition.

Neither one of these submissions alters this Court's recommendation that the petition

should be denied. As to the Motion to Supplement, the Court should grant the motion even

1

though it is untimely in order for the record to be complete.[1]  In the Motion, Capalbo points to documentary evidence that was recently produced to him by Fufidio.  He contends that this evidence demonstrates the representation the Government made to the Court – that Capalbo's initial decision to meet with the Government in proffer sessions before he had been criminally charged was made before his then-counsel, George Fufidio, was even brought into the case -- is factually incorrect, because it shows that Capalbo had paid a retainer to Fufidio in January, 2002, more than nine months prior to the time the Government claimed Fufidio had been brought into the case.  Motion, ¶ 13 & Exhibits A, C.  In addition, Capalbo argues that this evidence establishes that Fufidio only logged a total of 16.5 hours on Capalbo's case through October 11, 2002, and thus, according to Capalbo, "it was impossible for Fufidio to have conducted the necessary investigation of the case" prior to advising him that he participate in proffer sessions with the Government.  Id., ¶ 15 & Exhibit B.  Thus, by this motion, Capalbo essentially supplements his ineffective assistance of counsel claim with respect to Fufidio's representation.

        This new information does not alter my conclusion that Fufidio's representation was not

---

[1]     On March 16, 2012, the Court received an application from Capalbo for a 90-day extension to file a supplemental reply to the Government's opposition, which, pursuant to the Court's Memorandum and Order dated February 24, 2012 (Dkt. No. 26), had been due on March 19, 2012.  In that Order, the Court afforded Capalbo the opportunity to file a supplemental reply in the event that he received any additional documents from his former attorney George Fufidio's case file.  However, Fufidio's affidavit dated March 2, 2012, stating that no new information was produced to Capalbo, appeared to obviate the need for any supplemental reply.  Nevertheless, in light of the fact that Capalbo alleges that he suffers from severe health problems which affected his ability to submit a reply by March 19, the Court extended the deadline to file a supplemental reply to April 2, 2012.  No supplemental reply was received on that date, or at the time the Report and Recommendation dated April 16, 2012 was issued.  See Report and Recommendation, at 9 n.5.  In a letter to the Court dated April 2, 2012, Capalbo requested an additional 14 days to file his supplemental motion.  This letter was received in the Pro Se Office on April 5, 2012, but not entered on the docket until April 18, 2012, two days after the Report and Recommendation was issued.

constitutionally deficient. <u>See</u> Report and Recommendation, at 17-19.  In the Report and
Recommendation, I did not rely on the argument that Fufidio's provision of legal advice came
after Capalbo had already decided to engage in proffer sessions.  <u>Id.</u>, at 17 ("Whether or not
Fufidio's provision of legal advice came before or after Capalbo's decision to engage in proffer
sessions, Capalbo's argument that Fufidio's representation was constitutionally deficient lacks
merit.").  Therefore, the Court need not reach the factual issue as to whether Fufidio was already
representing Capalbo prior to the proffer sessions.  Moreover, any argument that Capalbo's due
process rights were violated because Fufidio had failed to properly investigate the case prior to
the proffer sessions is without merit for the reasons set forth in the Report and Recommendation.
<u>Id.</u>, at 18-19.  In any event, other than entirely conclusory statements, Capalbo does not identify
any facts or circumstances in his most recent submission that would have led Fufidio to conclude
that engaging in proffer sessions with the Government would not, as a strategic matter, have
been in Capalbo's best interests.

      Finally, the latest submission from Digilio, in which he repeats that Capalbo and his trial
counsel argued about whether Capalbo would be permitted to testify at the trial, does not add
anything to what he has said in two affirmations previously submitted to the Court.[2]
Accordingly, my conclusion that Capalbo's claim for ineffective assistance arising out of his trial
counsel's alleged failure to inform him of his right to testify should be denied because Capalbo
cannot satisfy the prejudice prong of the <u>Strickland</u> test remains unchanged.  <u>See</u> Report and
Recommendation, at 19-26.

---

[2]   Digilio previously submitted a declaration dated July 6, 2010 and a second declaration
dated April 20, 2011 (Dkt. Nos. 16, 23).

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days from service of this Supplemental Report to

file written objections . See also Fed. R. Civ. P. 6. Such objections, and any responses to such

objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers

of the Honorable Loretta A. Preska and to the chambers of the undersigned, United States

Courthouse, 500 Pearl Street, New York, New York, 10007. Any requests for an extension of

time for filing objections must be directed to Chief Judge Preska.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL**

**RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE**

**REVIEW.** See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson,

Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) (citing

Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) and Mario v. P & C Food Mkts., Inc.,

313 F.3d 758, 766 (2d Cir. 2002)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: New York, New York
     April 25, 2012

JAMES L. COTT
United States Magistrate Judge

**Copies of this Order have been sent by mail to the following:**

Angelo Capalbo
#55941-054
FCI-P.O. Box 2000
East 5741
Fort Dix, NJ 08640

John M. Reh
Kristy Jean Greenberg
United States Attorney's Office
One St. Andrews Plaza
New York, NY 10007